# UNITED STATE BANKRUPTCY COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

IN RE:                                                             CASE NO. 17-10312
COREY JAMES ANSTEAD

    Debtor(s)                                                 CHAPTER 13

## TRUSTEE'S CERTIFICATE OF SERVICE

      I certify that I served the **Plan, ORDER FIXING TIME TO OBJECT TO CONFIRMATION OF CHAPTER 13 PLAN AND NOTICE OF HEARING** upon the creditors listed on the Creditor Matrix as of this date, attached hereto, by depositing copies in the US Mail, First Class, postage prepaid.

Dated: June 9, 2017

                                                          Respectfully Submitted

                                                          /s/ Debra L. Miller
                                                          Standing Chapter 13 Bankruptcy Trustee
                                                          PO Box 11550
                                                          South Bend, Indiana 46634
                                                          (574) 254-1313

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0755-1<br>Case 17-10312-reg<br>Northern District of Indiana<br>Fort Wayne Division<br>Fri Jun  9 14:11:52 EDT 2017 | (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | AmeriCredit Financial Services, Inc. dba GM<br>P O Box 183853<br>Arlington, TX 76096-3853 |
| AmeriFirst Financial Corporation<br>950 Trade Centre Way<br>Suite 400<br>Kalamazoo MI 49002-0493 | Amerifirst Mortgage<br>950 Trade Centre Way STE 400<br>Portage, MI 49002-0493 | Corey James Anstead<br>312 North Miller Avenue<br>Marion, IN 46952-2307 |
| Barclays Bank Delaware<br>698 12/ South Ogden St<br>Buffalo, NY 14206-2317 | Sarah E. Barngrover<br>Manley Deas Kochalski LLC<br>P.O. Box 165028<br>Columbus, OH 43216-5028 | Best Buy Credit Card<br>PO Box 9001007<br>Louisville, KY 40290-1007 |
| County National Bank<br>1 South Howell Street<br>Hillsdale, MI 49242-1811 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH   43054-3025 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 |
| Financial Recovery Services, Inc<br>PO Box 385908<br>Minneapolis, MN 55438-5908 | IRS<br>575 N PENNSYLVANIA ST<br>STOP 3B 380<br>INDIANAPOLIS, IN 46204 | Grant County Treasurer<br>Grant County Complex<br>401 South Adams<br>Suite A218<br>Marion IN 46953-2037 |
| Indiana Department of Revenue<br>Bankruptcy Section    MS108<br>100 North Senate Avenue    N240<br>Indianapolis, IN 46204-2231 | Indiana Department of Revenue<br>Bankruptcy Section - MS 108<br>100 North Senate Avenue, N240<br>Indianapolis IN 46204-2231 | Indiana Employment Security Division<br>10 North Senate Street<br>Indianapolis, IN 46204-2201 |
| Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 | Kohl's Payment Center<br>PO Box 2983<br>Milwaukee, WI 53201-2983 | Midland Credit Management<br>PO Box 60578<br>Los Angeles, CA 90060-0578 |
| ATTORNEY GENERAL CURTIS HILL<br>INDIANA GOVERNMENT CENTER SOUTH<br>302 W WASHINGTON ST, 5TH FLOOR<br>INDIANAPOLIS, IN 46204 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | QCS<br>PO Box 4699<br>Petaluma, CA 94955-4699 |
| John Thomas Sees<br>208 West Fourth Street<br>Marion, IN 46952-4016 | D. Anthony Sottile<br>Sottile & Barile<br>P.O. Box 476<br>Loveland, OH 45140-0476 | INDIANA DEPARTMENT OF REVENUE<br>BANKRUPTCY SECTION N 240<br>100 N SENATE AVE<br>IDIANAPOLIS, IN 46204 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



AmeriCredit Financial Services, Inc
dba GM Financial
PO Box 183853
Arlington, TX 76096

(d)AmeriCredit Financial Services, Inc.
 dba GM Financial
 P O Box 183853
 Arlington, TX 76096

Discover Card
6500 New Albany Rd
New Albany, OH 43054

Portfolio Recovery Associates
PO Box 12914
Norfolk, VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Amerifirst Financial Corporation

(u)Synchrony Bank

End of Label Matrix
Mailable recipients    25 +\
Bypassed recipients     2
Total                  27

# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
### Fort Wayne Division

| | |
|---|---|
| In Re: Debtor(s) (name(s) and address)<br>Corey James Anstead<br>xxx-xx-3730<br>312 North Miller Avenue<br>Marion, IN 46953 | )<br>)<br>)<br>) Case Number: 17-10312-reg<br>)<br>)<br>)<br>)<br>)<br>) Chapter: 13<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER FIXING TIME TO OBJECT TO CONFIRMATION
## OF AMENDED CHAPTER 13 PLAN AND NOTICE OF HEARING

The debtor(s) filed an amended Chapter 13 plan on June 6, 2017 .

IT IS ORDERED AND NOTICE IS GIVEN THAT:

1. **Any objections to confirmation of the proposed plan must be filed on or before July 25, 2017** . Objections should be filed with the Clerk of the United States Bankruptcy Court, 1300 South Harrison Street, Fort Wayne, Indiana 46802.

2. **The court will hold a hearing on August 8, 2017 at 10:30 AM** , or as soon thereafter as the matter can be heard, in the Federal Building, 1300 South Harrison Street, Room 2127, Fort Wayne, Indiana 46802, **to consider confirmation of the proposed plan and any objections thereto.** This hearing has been scheduled on the court's miscellaneous calendar and the court will not be prepared to receive evidence concerning any factual disputes. Counsel for the debtor(s) and any objectors will, nonetheless, be expected to appear. (If the plan has not been objected to, amended or modified in some way, only the Trustee needs to appear for this hearing.) Any objections to confirmation that cannot be disposed of at the hearing based upon the undisputed facts will be scheduled for such further proceedings as may be appropriate.

3. In order to avoid delaying confirmation, **Debtor should promptly file and serve any modifications or amendments** to the plan. Modifications or amendments which are filed and served upon all creditors and parties in interest **at least 21 days prior to the last day for filing objections to confirmation** will become part of the proposed plan and will be considered at the scheduled confirmation hearing without further notice.

Document No. 33 – 32

    4.    If confirmation is denied because of the debtor(s)' failure to fulfill duties imposed by the Bankruptcy Code and rules of procedure, such as the duty to provide the trustee with required information or documentation or to commence making the required plan payments, the court may dismiss the case without further notice or hearing.

    5.    No later than twenty-eight (28) days before the last day for filing objections to confirmation, the Chapter 13 Trustee shall serve a copy of this order, along with a copy of the currently proposed plan, upon all creditors and parties in interest and make due proof thereof.

Dated: June 7, 2017

Robert E. Grant
_____
Judge, United States Bankruptcy Court

# United States Bankruptcy Court
## Northern District of Indiana

In re  **Corey James Anstead**                                                                   Case No.  **17-10312**
                                                    Debtor(s)                                    Chapter   **13**

## CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,091.00** per month for **60** months.

   Total of plan payments: **$65,460.00**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:  As determined by United States Trustee.
      (2) Attorney's Fee (unpaid portion):   **$3,400.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):  **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:   **-NONE-**

      (2) Other Priority Claims.

         | Name | Amount of Claim | Interest Rate (If specified) |
         |---|---|---|

| Name | | Amount of Claim | Interest Rate (If specified) |
|---|---|---|---|
| Indiana Department of Revenue | | 403.70 | 0.00% |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| GM Financial | 2014 Buick Regal 19000 miles Location: 312 North Miller Avenue, Marion IN 46952 | 200.00 |
| Amerifirst Mortgage | 312 North Miller Avenue Marion, IN 46952 Grant County | 479.00 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| GM Financial | 19,849.09 | 476.91 | 15.45% |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Amerifirst Mortgage | 63,563.00 | 479.00 | Contract Rate |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| Amerifirst Mortgage | 1,437.00 | 0.00% |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   Other Party                                                Description of Contract or Lease
   **-NONE-**

9. Property to Be Surrendered to Secured Creditor

   Name                                       Amount of Claim      Description of Property
   **-NONE-**

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    Name                                       Amount of Claim      Description of Property
    **-NONE-**

11. Title to the Debtor's property shall revest in debtor **on discharge or dismissal.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Debtor shall report bonus income and turn over bonuses exceeding $500.

14. Debtor's annual combined tax refunds as exceed $1077.00 shall be paid into the plan.

Date _____    Signature _____

                                                                             **Corey James Anstead**
                                                                             Debtor

# United States Bankruptcy Court
## Northern District of Indiana

In re  **Corey James Anstead**  
Debtor(s)

Case No.  **17-10312**  
Chapter  **13**

## CHAPTER 13 PLAN
(Signature Page)

Date  6-6-17

Signature  _____  
Corey James Anstead  
Debtor